CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

OCT 3 1 2023

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 7:23cr00047 |
| ) | |
| v. ) | **SEALED INDICTMENT** |
| ) | |
| **DAMON TYLER MILLS,** ) | **In violation of:** |
| a/k/a Tyler Mills, ) | 18 U.S.C. § 1951 |
| ) | 18 U.S.C. § 924(c) |
| **Defendant.** ) | 21 U.S.C. § 841(a)(1), (b)(1)(D) |
| ) | 18 U.S.C. § 2 |

## COUNT ONE
(Conspiracy to Commit Hobbs Act Robbery)

The Grand Jury charges:

1. In or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, together with at least one other person, did knowingly and willfully conspire with each other to unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, that is, by unlawfully taking and obtaining, and attempting to take and obtain, personal property consisting of a firearm, marijuana, and money from the persons and in the presence of Individual 1 and Individual 2, and against the will of Individual 1 and Individual 2, by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is by brandishing a firearm.

2. In violation of Title 18, United States Code, § 1951.

## COUNT TWO
(Hobbs Act Robbery)

The Grand Jury charges:

3. In or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did, as a principal and as an aider and abettor, unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951, in that the defendant, DAMON TYLER MILLS, did unlawfully take and obtain personal property consisting of a firearm, marijuana, and money from the persons and in the presence of Individual 1 and Individual 2, and against the will of Individual 1 and Individual 2, by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is by brandishing a firearm.

4. In violation of Title 18, United States Code, §§ 1951, 2.

## COUNT THREE
(Brandish a Firearm in Furtherance of a Crime of Violence)

The Grand Jury charges:

5. In or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly possess a firearm, that is a Sarsilmaz Model SARG6P, 9mm pistol, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States as set forth in Count Two of this Indictment, and in the course of this violation of 18 U.S.C. § 924(c) he did brandish said firearm.

6. In violation of Title 18, United States Code, § 924(c)(1)(A)(ii).

## COUNT FOUR
(Discharge of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury charges:

7. On or about February 24, 2019, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly possess a firearm, that is a Taurus Model G2C, 40

caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and in the course of this violation of 18 U.S.C. § 924(c) he did discharge said firearm.

8. In violation of Title 18, United States Code, § 924(c)(1)(A)(iii).

## COUNT FIVE
(Possession of a Controlled Substance with Intent to Distribute)

The Grand Jury charges:

9. On or about February 24, 2019, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly and intentionally possess with intent to distribute approximately 300 grams of marijuana, a Schedule I controlled substance.

10. In violation of Title 21, United States Code, § 841(a)(1) & (b)(1)(D).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any property, real or personal, which constitutes or is derived from proceeds traceable to said offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

   d. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

   e. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **United States Currency**

   An undetermined sum of United States currency and all interests and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

   b. **Firearms and Ammunition**

      1. An AK-47 with serial number AKB007510.

      2. A Taurus Model G2C, 40 caliber pistol, serial number SLY39568.

      3. A Sarsilmaz Model SARG6P, 9mm pistol, with serial number T1102 16E13332.

      4. All ammunition, magazines, and accessories associated with these firearms.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this  31  day of October, 2023.

/s/Grand Jury Foreperson
FOREPERSON

For CHRISTOPHER R. KAVANAUGH
United States Attorney

4