IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No.  7:23CR00047 |
| | ) | |
| DAMON TYLER MILLS | ) | By:  Michael F. Urbanski |
| | ) | Chief U.S. District Judge |

**CRIMINAL PRETRIAL ORDER**

This criminal case has been assigned to Chief United States District Judge Michael F. Urbanski and has been set for a jury trial beginning January 9, 2024. To ensure a fair, just, and orderly handling of this case, it is **ORDERED** as follows:

**A.  Pretrial Procedure**

1. Should the parties wish to schedule any hearing in this matter, including a hearing on a motion to suppress, they must confer as to each party's availability and contact the Courtroom Deputy Clerk, Kristin Ayersman (KristinA@vawd.uscourts.gov, (540) 857-5153), to set the matter for a hearing. When possible, motions to suppress should be raised at the earliest possible time so that the court can conduct an evidentiary hearing and issue a decision well in advance of trial.

2. The Clerk will schedule a final pretrial conference no later than **14** days prior to trial, unless the parties have advised the Clerk that a plea agreement has been reached in the case.

3. If the parties do not notify the court at least **14** days prior to trial that a defendant intends to enter a guilty plea, that defendant may not be eligible for the reduction found at U.S.S.G. § 3E1.1(b).

4. For all guilty pleas, a copy of the written plea agreement and any agreed-upon statement of facts must be provided to the court no later than **3** business days prior to the change-of-plea hearing. These documents must be sent to the Courtroom Deputy Clerk Kristin Ayersman (KristinA@vawd.uscourts.gov, (540) 857-5153), who will forward them to chambers.

5. Counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court prior to trial. The court expects to hear all motions in limine on or before the final pretrial conference. Additionally, the government must provide reasonable notification of its intent to introduce evidence of other crimes, wrongs, or acts or co-conspirator's statements. If there are disputes as to the admissibility of evidence under Rule 404(b) and 801(d)(2)(E) of the Federal Rules of Evidence, such issues should be brought to the court's attention prior to trial.

6. All pretrial motions must be filed by the parties no later than **28** days prior to trial. See Fed. R. Crim. P. 12(c). Any such motions must state the grounds on which they are based and the relief sought. Motions raising questions of law must be supported by legal memoranda filed contemporaneously.

7. A party opposing a pretrial motion must file a written response and legal memorandum within 14 days of the filing of the motion. Any replies must be filed within 7 days of the filing of the response in opposition.

8. At trial, the court will use standard opening and closing jury instructions. Copies of these standard instructions may be obtained from the Clerk prior to trial. At least **7** days prior to trial, the government must file electronically via CM/ECF proposed substantive jury instructions and, if deemed necessary, a proposed verdict form. If the defendant wishes to submit proposed jury instructions and/or verdict form, they are to be filed **7** days prior to trial. The parties also should email proposed jury instructions (with citations) in Microsoft Word format to urbanski.ecf@vawd.uscourts.gov, and copy opposing counsel. If a party has a specific objection to a proposed instruction, that party must notify opposing counsel and the court at least two **2** business days prior to trial.

## B. Trial Procedure

1. Trial will proceed according to the following schedule. Court will begin promptly at 9:30 a.m. on the first day and end at approximately 5:00 p.m. each day, with a one-hour lunch break, 15-minute breaks in the morning and afternoon, and other breaks as necessary.

2. The jury will consist of 12 people. The jury is selected immediately prior to trial using a randomized method, and all members of the jury venire called for the trial are subjected to voir dire. A list of the jurors called for the case is sent to counsel by the Clerk approximately one week prior to trial. The attorneys are generally permitted to participate in voir dire after preliminary questions from the court. Counsel should formulate an agreed-upon statement of the case and the issues to be incorporated in the court's standard voir dire and preliminary instructions. The government must initiate and circulate the draft statement to be submitted to the court no less than seven **7** days prior to trial, and it must be submitted to the court no

later than **2** business days prior to trial. Counsel's voir dire is expected to be limited to relevant questions and not consist of disguised argument on the merits of the case. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the court will determine such requests before turning voir dire over to counsel.

   3. Following voir dire, if any party has any for-cause challenges, they should make known to the court that a matter outside of the presence of the jury needs to be taken up, and the court will rule on the challenge(s) at that time. Thereafter, the parties will be permitted to make peremptory challenges, consistent with Federal Rule of Criminal Procedure 24, by alternating verbal strikes from a randomized jury list. In the normal case, no alternates will be used, but the court may use one or two alternates depending on the estimated length of trial. After the jury is sworn in, the court will give preliminary instructions. The court will inform jurors that they make take notes if they wish. Questions by jurors are not permitted.

   4. The court will assume that the parties have disclosed all exhibits and—unless a party makes contemporaneous objection or files a motion <u>in limine</u> prior to trial—that no party objects to any exhibit. Counsel must provide a list of witnesses and exhibits to the court reporter and Clerk. Counsel must provide for the court an extra copy of each exhibit in jury trials. The parties must use the evidence display device as much as possible so that witnesses do not have to be handed exhibits, provided that no evidence is displayed to the jury until it has been admitted into evidence. Counsel must ask questions of witnesses and make arguments to the court from the lectern. Counsel may approach the witness without leave of court, if necessary, to hand the witness a document or exhibit, but must promptly return to the lectern.

5. The Box.com file-sharing platform will be used in the trial of this case. Box.com provides access to evidence by the jury during deliberations, reducing the need for jurors to handle physical evidence. Jurors can view or listen to the evidence multiple times, including documents, images, and video and audio files. Box.com is NOT designed to present evidence in the courtroom; thus, the use of an evidence display device is generally required to display exhibits to witnesses. Of course, no evidence is to be displayed to the jury until it has been admitted. Box.com requires that counsel upload electronic exhibit files to Box.com, and exhibits shall be uploaded to Box.com by close of business, seven (7) days prior to trial. Questions about Box.com should be directed to the Courtroom Deputy Clerk, Kristin Ayersman, (540) 857-5153, KristinA@vawd.uscourts.gov.

6. It is counsel's obligation to ensure that tendered exhibits are admitted and noted on the Clerk's docket sheet. If there is any question about an exhibit or exhibits, counsel should check with the Clerk during a recess. Once admitted, trial exhibits are in the custody of the Clerk and must be returned to the Clerk once examination of a witness is completed.

7. In a conspiracy case, if a defendant has notified the Government in advance of a challenge to the admissibility of the testimony of a co-conspirator, the Government must prepare a written proffer as to the existence of the conspiracy and the defendant's participation in it.

8. Requests for exclusion of witnesses from the courtroom should be made before opening statements. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony to the excluded witnesses by any person. Witnesses will be

released from further attendance when they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness should not be excused. Cooperative witnesses who are not needed immediately may be placed "on call," but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. The Government should keep the defendant advised of the progress of the Government's case so that the defendant may be ready to proceed promptly following the conclusion of the Government's case-in-chief.

9. All objections and other remarks to the court must be made while standing. Objections must be succinct. If argument is needed, the court will indicate as such. Side bar or bench conferences are discouraged, and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court session. Accordingly, counsel should, to the extent possible, anticipate any evidentiary questions or disputes and bring them to the court's attention ahead of time.

10. Prior to closing arguments, the court will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given before closing arguments. Counsel will have an opportunity to make an objection to the charge on the record. In most cases, the court will send a written copy of the charge with the jury for its reference during deliberations. The jury will have access to all exhibits introduced through the Box.com file-sharing platform, and may request to see any physical exhibits not entered into Box.com during deliberations.

11. Closing arguments are normally limited to 30 minutes for each side, with an additional 10 minutes reserved for any necessary rebuttal, except in unusual circumstances and after obtaining leave of court.

12. During jury deliberations, counsel are expected to remain in the courthouse should jury questions arise. Counsel may be temporarily excused with leave of court but must be immediately accessible to the court by cellphone.

13. Following the trial counsel may not discuss the case with jurors without leave of court.

14. The parties must make post-trial motions within **14** days following the discharge of the jury. Responses to such motions must be made within **14** days of the motion being filed.

15. Should a sentencing hearing be necessary, the parties may file sentencing memoranda no less than **14** days before the scheduled sentencing.

The Clerk is directed to send copies of this Order to counsel of record for all parties. It is so **ORDERED**.

**ENTERED** this 7th day of November, 2023.

*Michael F. Urbanski*

MICHAEL F. URBANSKI
CHIEF U.S. DISTRICT JUDGE