IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| V. | ) | Case No. 7:23-CR-00047 |
| | ) | |
| DAMON TYLER MILLS, | ) | |
| Defendant. | ) | |

<u>AMENDED MOTION TO CONTINUE JURY TRIAL</u>

(1)  This case is scheduled for trial on April 7-10, 2025. The Defendant, by counsel, respectfully moves the Court to continue this case to assure continuity of counsel.  Defense counsel has learned that the Frank Dunham Federal Criminal Defense Conference has been scheduled for April 10 and 11, 2025.  A "save the date" for the conference was sent to the Court's CJA panel on February 14, 2025, and the official registration information was sent on February 20, 2025.  Defense counsel need to attend this conference in order to fulfill their requirement that they annually attend at least 8 hours of CLE relevant to the defense of federal criminal cases. Furthermore, this particular conference is consistently outstanding, providing unique legal education and training specific not only to federal criminal defense in general but to the practice of criminal law in the Western District of Virginia.  All Defense Counsel need to attend this conference.  Therefore, a continuance is permitted under the Speedy Trial Act, 18 U.S.C. Section 3161(h)(7)(B), because the failure to grant a continuance would deny the Defendant continuity of counsel and the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

(2)  The Speedy Trial Act generally requires that a criminal trial begin

1

within seventy days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. Section 3161(c)(1). This requirement protects the interests of the defendant and the public in a speedy trial. <u>Zedner v. United States</u>, 126 S.Ct. 1976 (2006); <u>United States v. Henry</u>, 538 F.3[rd] 300, 303 (4th Cir. 2008). "To allow for necessary flexibility in scheduling, the Act provides that certain delays may be excluded from the seventy-day count, including delays where the district court finds 'that the ends of justice served by granting of ... [a] continuance outweigh the best interests of the public and the defendant in a speedy trial." <u>Henry</u>, 538 F.3[rd] at 303; 18 U.S.C. § 3161(h)(7)(A). Significantly, the Act's "primary procedural limit requires the district court to 'set [] forth, either orally or in writing, its reasons for finding' that a continuance is warranted under the provision." <u>Henry</u>, 538 F.3d at 303.

     (3) Section 3161(h)(7)(B) of the Act provides factors to be considered by the Court in determining whether to grant a continuance. These factors include whether the failure to grant a continuance would deny the Defendant continuity of counsel or the reasonable time necessary for effective preparation, taking into account due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). These factors must be weighed by the Court in deciding whether the ends of justice served by the granting of a continuance outweigh the best interests of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A) <u>Zedner v. United States</u>, 126 S.Ct. 1976 (2006).

     (4) Defendant submits that for the reasons outlined in paragraph one, failure to grant a continuance would deny Defendant continuity of counsel and the reasonable time necessary for effective preparation, taking into account due diligence. Therefore, the ends of justice served by the granting of a continuance

2

outweigh the best interests of the public and the Defendant in a speedy trial.

Accordingly, the Defendant respectfully moves the Court to continue his trial.

Respectfully Submitted,
DAMON TYLER MILLS

By: S/*Anthony F. Anderson*
Counsel

Anthony F. Anderson, VSB #21345
Anderson Legal
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
(540)982-1539 (Fax)
afa@afalaw.com
 Counsel for Defendant

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this 24th day of February, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Anthony F. Anderson*
Anthony F. Anderson, VSB #21345
Anderson Legal
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia 24007
(540) 982-1525
(540) 982-1539 (Fax)
afa@afalaw.com

4