IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 7:23-cr-000047 |
| v. | ) |
| | ) |
| **DAMON TYLER MILLS** | ) |
| | ) |
| *Defendant* | |

### UNITED STATES' MOTION *IN LIMINE* REGARDING REFERENCE TO POTENTIAL SENTENCES OR PUNISHMENT

The Government respectfully submits the following motion *in limine* regarding any reference to potential sentences or punishment. The Government requests that the Court direct the defendant, his attorneys, and all defense witnesses not to mention, refer to, or bring to the attention of the jury in any manner, directly or indirectly, any of the matters identified below without first approaching the bench and obtaining a ruling on the subject matter's admissibility. In support of this motion, the Government asserts the following:

The defendant should be precluded at the trial of this matter from referring to—through questioning of witnesses, during argument, or in testimony—or offering any evidence about the consequences of a prison sentence, the potential length of that sentence, or other consequences he may receive if convicted of the charged offenses in front of the jury, pursuant to Federal Rules of Evidence ("FRE") 401, 402, and 403.

A defendant is not entitled to inform the jury about the sentence he faces if convicted. Sentencing is a matter exclusively within the province of the Court. The jury should not consider what punishment or penalties a defendant may receive because those facts are not relevant to the

issue of guilt or innocence under FRE 401 and 402. *See Shannon v. United States,* 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is . . . irrelevant to the jury's task."); *United States v. Townes*, 940 F.2d 654, at *2 (4th Cir. 1991) (unpublished) ("Courts have therefore uniformly held that juries must reach a verdict without knowledge of possible sentences.") (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)); *United States v. Meredith,* 824 F.2d 1418, 1429 (4th Cir. 1987) ("The jury must reach its verdict without considering possible sentences . . . ."); *United States v. Wilkerson*, No. 2:16-CR-00218, 2017 WL 5616364, at *11 (S.D. W.Va. Nov. 21, 2017) ("While the Court perceives no probative value in informing the jury about the length of [d]efendant's potential sentence, there would be a toxic prejudicial effect if a sympathetic jury realizes that its decision may result in life imprisonment . . . .") (citing *United States v. Cropp*, 127 F.3d 354, 359 (4th Cir. 1997)), *aff'd*, 808 F. App'x 171 (4th Cir. 2020).

Furthermore, any argument regarding penalties or consequences that might follow from conviction would serve only to confuse the jury and to distract it from the issues properly before it. *See Shannon,* 512 U.S. at 579 ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.").

Finally, the Court should preclude evidence and argument designed to make the jury sympathetic to the impact and personal consequences of a conviction upon the defendant or his family. Such evidence is irrelevant to the defendant's guilt and is designed only to invoke jury nullification. *Id.*; *see Cropp*, 127 F.3d 354, at 358. Accordingly, such evidence or argument is properly excluded. *United States v. Robinson*, 583 F. App'x 53 (4th Cir. 2014) ("Informing a jury of the penalty for an offense is prejudicial, and breach of this well-grounded principle may constitute reversible error.") (citing *Meredith*, 824 F.2d at 1429).

Thus, the United States respectfully requests the defendant be precluded from referring to, or offering any evidence about, the sentence, punishment, or other consequences he might receive if convicted of the charged offenses.

## **CONCLUSION**

The Government requests that the Court grant the preceding motion and that the Court's instructions with regard to these issues apply to all aspects of the trials, including *voir dire*, opening statements, questioning of witnesses, and closing statements.

ZACHARY T. LEE
Acting United States Attorney


/s/ Charlene R. Day
Charlene Rene Day
Virginia Bar No. 42707
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
charlene.day@usdoj.gov


/s/ John W. Beamer
John W. Beamer
Special Assistant United States Attorney
Virginia Bar No. 93383
United States Attorney's Office
310 First Street, SW, 9th Floor
Roanoke, Virginia 24011
540-857-2250
John.beamer@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Defendant.

/s/ Charlene R. Day
Assistant United States Attorney