IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:23-CR-47 |
| | ) |
| DAMON TYLER MILLS | ) |
| | ) |
| *Defendant* | ) |

**UNITED STATES' MOTION TO EXCLUDE IRRELEVANT EVIDENCE**

The United States moves, by counsel, to preclude the defendant from inviting the jury to consider evidence regarding his apparent physical disabilities, which occurred years after the charged offenses. For the reasons set forth below, this evidence is irrelevant and should be excluded.

I.   FACTUAL BACKGROUND

*Counts 1-3*

For several months in early 2018, A.W. and Mr. Mills were friends, who lived together, and distributed marijuana together. Around May, the two had a falling out and A.W. moved out of the house. In or about December 2018, A.W. was living at his dad's home. It was nighttime, and A.W. was waiting for his three-months-pregnant girlfriend, D.T., to arrive home from work. A.W. was in his room playing video games when the defendant, Tyler Mills, and an as-of-yet-unidentified accomplice entered into his home wearing masks and brandishing an AR-style firearm and a pistol. They beat and bound A.W. on his bed and began demanding he tell them where his money and drugs were. Unsatisfied with A.W.'s responses and not finding more than approximately $1,300, the robbers flipped A.W.'s bed and located an AK 47.

1

Eventually, D.T. arrived back at the home, and the robbers turned their attention to her. They threw her on the bed and demanded to know where the money was; when she couldn't provide a sufficient answer, they took her phone and at least $100 from her wallet. Ultimately, Mr. Mills and his accomplice took the AK rifle, approximately $1,400, and a cell phone. This incident was never reported to police because A.W. dad was on federal probation and was concerned about being revoked.

*Counts 4-5*

Mr. Mills was a drug dealer in Roanoke, Virginia, from at least 2016 until at least the offense date alleged in Counts Four and Five, February 24, 2019. During that time, Mr. Mills consistently distributed marijuana from the various locations where he lived and other locations. He was known to carry a firearm on his person at all times. He has admitted that he sold marijuana and flaunted his money during these transactions.

On February 24, 2019, Mr. Mills was hanging out with his friend, Faith Perry, at his girlfriend's apartment at 6439 Carefree Lane in Roanoke County, Virginia. Mr. Mills had been living at that apartment for several months. Mr. Mills, his girlfriend, and others would consistently smoke marijuana in that apartment. Furthermore, Mr. Mills would sell marijuana from the apartment, in the parking lot of the apartment complex, and at a nearby grocery store parking lot. The power had been out at the apartment that day, and shortly after the power returned, Mills's friend and marijuana customer, Taylor Miles, knocked on the apartment door. Miles came to the apartment because her boyfriend at the time, F.C., had resolved himself to rob Mr. Mills. F.C. believed that Mr. Mills was an easy target and was likely to have cash and drugs due to Mr. Mills's drug dealing. F.C. had no personal relationship with Mr. Mills, so he enlisted Miles to knock on the door on his behalf. Miles regularly purchased marijuana from Mr. Mills at his apartment.

Perry, who was with Mr. Mills most of the day, looked through the peephole in the door and identified Miles. Mr. Mills approached the door, armed with a firearm as he typically was, and he opened the door and began to speak to Miles. Suddenly, F.C. appeared from behind Miles, racked his pistol, and pointed it at Mr. Mills. Mr. Mills immediately drew his pistol and fired one shot that struck F.C. While the specific timing is unclear, at some point, F.C. fired one shot into the apartment. F.C. fell to the ground, and Mr. Mills stood above him. F.C. was still moving on the ground, and Mr. Mills shot F.C. in the back of the head, killing him.

Over three years after this shooting, in around May 2022, Mr. Mills was involved in a serious motorcycle accident. As a result of this accident, Mr. Mills suffered several serious injuries such as the loss of use of his left arm, the loss of a portion of one of his legs, and potentially a traumatic brain injury.

On October 31, 2023, a federal grand jury sitting in this District returned a five-count indictment charging Mr. Mills with conspiracy to commit a Hobbs Act Robbery, in violation of 18 U.S.C. §1951 (Count One); Hobbs Act Robbery, in violation of 18 U.S.C. § 1951 (Count Two); Brandish a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Three); Discharge of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(iii) (Count Four); and Possession of a Controlled Substance with Intent to Distribute, in violation of 18 U.S.C. § 841(a)(1) & (b)(1)(D) (Count Five). Counts One through Three are alleged to have occurred in or about December 2018 and Counts Four and Five are alleged to have occurred on or about February 24, 2019. Mr. Mills has pleaded not guilty, and his trial is set to begin on April 7, 2025.

## II.   LEGAL BACKGROUND

It is axiomatic that relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless otherwise excludable, while irrelevant evidence is never admissible. Fed. R. Evid. 402. Even where evidence is relevant, it is also potentially excludable under Rule 403 if the evidence's "probative value is substantially outweighed by" some danger, be that "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.   ANALYSIS

On its face, Mr. Mills's accident has absolutely no relationship to this case. It occurred years after these offenses are alleged to have occurred, and his impairments resulting from the accident have no bearing on the events that are alleged to have occurred. Any mention of Mr. Mills's impairments during *voir dire*, opening statements, witness testimony, closing statement, or at any other point during trial runs the risk of unfair prejudice to the government, confusing the issues, and misleading the jury. In essence, any mention of the accident or its resulting effects would be tantamount to inviting the jury to decide the case on something other than the law and the relevant evidence, something the defendant cannot do. *See United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) ("[A] jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power.").

IV.     **CONCLUSION**

For the reasons explained above, the Government respectfully requests that the Court exclude any evidence related to Mr. Mills's accident or impairments as irrelevant or otherwise excludable under Rule 403.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

/s/ John W. Beamer
John W. Beamer
Special Assistant United States Attorney
Virginia Bar No. 93383
United States Attorney's Office
310 First Street, SW, 9th Floor
Roanoke, Virginia 24011
540-857-2250
John.Beamer@usdoj.gov

/s/ Charlene R. Day
Charlene Rene Day
VA Bar No. 42707
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
charlene.day@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the Defendant.

/s/ John W. Beamer
Special Assistant United States Attorney