IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **V.** | ) Case No. 7:23-CR-00047 |
| | ) |
| **DAMON TYLER MILLS.** | ) |

### MOTION TO DISMISS COUNT FOUR OF INDICTMENT AS UNCONSTITUTIONAL

Count Four of the indictment charges the Defendant, Damon Tyler Mills, with discharge of a firearm in furtherance of a drug trafficking crime, pursuant to 18 U.S.C. §924(c). Count Four alleges that on or about February 24, 2019, the Defendant possessed a particular firearm – a Taurus Model G2C pistol – in the furtherance of a particular drug trafficking crime: possessing with the intent to distribute approximately 300 grams of marijuana on that same date, as charged in Count Five of the indictment. ECF 3. Count Four further alleges that during the course of this purported violation of 18 U.S.C. §924(c), the defendant did discharge that particular firearm. *Id*. Pursuant to the recent decisions of the United States Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S.Ct. 1889 (2024), 18 U.S.C. §924(c) – as charged in Count Four of the indictment – violates the Second Amendment of the United States Constitution. Accordingly, Count Four of the indictment in this case must be dismissed.[1]

---

[1] Defendant is aware that the Court has issued an opinion regarding the constitutionality of 18 U.S.C. §924(c) in *United States v. Snead*, 647 F.Supp.3d 475 (2022). The Fourth Circuit has recently noted, however, that "[t]he law of the Second Amendment is in flux, and courts (including this one) are grappling with many difficult questions in the wake of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 144 S.Ct. 1889 (2024)..." *United States v. Canada*, 22-4519 (4th Cir. Dec 06, 2024) (affirming that 18 U.S.C. §922(g) is not "facially unconstitutional," while recognizing that there may be valid challenges to the constitutionality of the statute "as-applied" in certain instances).

## ARGUMENT AND AUTHORITIES

In *New York State Rifle and Pistol Assn, Inc. v. Bruen*, 142 S.Ct. 2111, 597 U.S. 1 (2022), the United States Supreme Court issued a new standard for determining whether a firearms regulation violates an individual's right to bear arms under the Second Amendment. The Court must determine whether "the regulation is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 2126. *Bruen* emphasized—repeatedly—that "the burden falls on [the government] to show that [a statute] is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2135. The "[g]overnment bears the burden" of "affirmatively prov[ing] that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127, 2130. In *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024), the Court noted that "[e]ven where a law regulates the bearing of a firearm for a permissible reason," it may violate the Second Amendment "if it does so to an extent beyond what was done at the founding." In the present case, Count Four of the indictment fails the test articulated by *Bruen* and *Rahimi*, and therefore must be dismissed.

First, we respectfully dispute that the regulation of 18 U.S.C. §924(c) on the possession of a firearm in furtherance of drug trafficking — as well as its discharge in the course of this offense — "is consistent with the Nation's historical tradition of firearms regulation." Pursuant to *Bruen*, courts must "consider whether historical precedent . . . evinces a comparable tradition of regulation." *Id.* at 2131-32. At the time of the adoption of the Second Amendment, there was no comparable regulation to that prohibiting the possession of a firearm in furtherance of drug trafficking, as well as its purported discharge in the course of the offense.

In *United States v. Rahimi*, 144 S. Ct. 1889 (2024), the Supreme Court provided an example of the exhaustive analysis required under *Bruen* when it issued its holding that 18 U.S.C.

§922(g)(8) was a valid restriction of a particular individual's Second Amendment rights. The Court determined that a judicial determination that a given individual "represents a credible threat to the physical safety" of another was sufficiently analogous to the judicial determinations required under "surety" and "going armed" laws that were required to similarly restrict an individual's right to bear arms historically. *Id*. at 1901-02. Conversely, 18 U.S.C. §924(c) – as charged in Count Four – lacks the important due process protection of such a prior judicial determination before its restriction on the right to bear arms. It instead relies on an after-the-fact determination that a defendant was in possession of drugs to justify the restriction it imposes. Accordingly, we respectfully submit that 18 U.S.C. §924(c) – as charged in Count Four of the indictment – has no historical analogue, imposes on the right to bear arms beyond regulatory tradition, and unconstitutionally violates the Second Amendment.

It is also notable that in the present case, 18 U.S.C. §924(c) – as charged in Count Four of the indictment – purports to restrict the Defendant's right to possess a firearm in his own home. In *District of Columbia v. Heller*, the Supreme Court held the Second Amendment codified a pre-existing individual right to possess and use firearms for lawful purposes like self-defense. 554 U.S. 570, 592, 624 (2008). Two years after *Heller*, in *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the Court reaffirmed *Heller*'s "central holding" that "the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." 561 U.S. 742, 780 (2010). In holding that the Second Amendment applies against the states as well as the federal government, the Court described the right to keep and bear arms as "fundamental to our scheme of ordered liberty" and "deeply rooted in this Nation's history and tradition." *Id.* at 767. Accordingly, we respectfully submit that there is no historical analogue or regulatory tradition to 18 U.S.C. §924(c) – as charged in Count Four of the indictment – that is

sufficient to justify its imposition on the Defendant's Second Amendment rights.

## CONCLUSION

For these reasons – as well as any others that the Defendant may submit in subsequent filings or during any hearing on this issue – this Court should dismiss Count Four of the indictment as an unconstitutional imposition on the Defendant's Second Amendment rights.

                Respectfully submitted,

                DAMON TYLER MILLS

                By: /s/Anthony F. Anderson

Anthony F. Anderson (VSB# 21345)
Brooks A. Duncan (VSB# 87476)
ANDERSON LEGAL
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525 - Office
(540)982-1539 - Fax
afa@afalaw.com
bduncan@afalaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that this 10th day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Anthony F. Anderson
ANDERSON LEGAL
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525 - Office
(540) 982-1539 - Fax
afa@afalaw.com