IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 7:23-CR-47 |
| | ) |
| DAMON TYLER MILLS | ) |
| | ) |
| *Defendant* | ) |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES'
MOTION TO EXCLUDE IRRELEVANT EVIDENCE**

The defendant's response to the government's motion to exclude irrelevant evidence, in essence, concedes that evidence regarding his injuries is irrelevant to any defense to the charged offenses. Thus, this court should grant the government's motion on this point.

However, the defendant goes on to argue that, if he were to testify at trial, evidence of his injuries should be admissible to "explain his presentation, his lack of recollection, and the fact that he may be slow to respond to questioning and interrogation." ECF 74 at 1. In this hypothetical scenario, it appears that the defendant wants to give himself an out. For example, if his testimony is impeached because he cannot recall facts unfavorable to him while simultaneously recalling favorable facts, then he wants to be able to explain this away by pointing to his purported brain injury and how it purportedly affects his memory. In theory, this information could be relevant, but only if the evidence is offered by someone with sufficient expertise to offer such an explanation. This might include testimony from a medical doctor regarding the specific type of injury suffered and its effects on memory or even documents containing the opinion of a medical

1

doctor describing the type of injury and its effects on memory.[1] Thus, to the extent the defendant seeks to offer this information, he must comply with his discovery obligations, including his expert disclosure obligations under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure. Notably, this information must be disclosed "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." Fed. R. Crim. P. 16(b)(1)(C)(ii). Given that we are now just over a week out from trial, we are beyond that point.

It would not be proper for the defendant to give his own lay opinion about how he believes his accident may affect his testimony. This would be an improper opinion under Rule 701 and would be substantially more prejudicial than probative under Rule 403. To the extent the defendant intends to offer expert medical evidence about the same, such evidence may be relevant and admissible, but it remains the case that the defendant has failed to comply with his disclosure obligations with respect to any such evidence.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

/s/ John W. Beamer
John W. Beamer
Special Assistant United States Attorney
Virginia Bar No. 93383
United States Attorney's Office

---

[1] It should be noted that, so far, the defendant has not disclosed to the government any information regarding what type of brain injury he may have or to what extent it affects his memory from the time when the charged offenses occurred. Nor has the defendant made any expert disclosures to the government.

        310 First Street, SW, 9th Floor
        Roanoke, Virginia 24011
        540-857-2250
        John.Beamer@usdoj.gov

        <u>/s/ Charlene R. Day</u>
        Charlene Rene Day
        VA Bar No. 42707
        Assistant United States Attorney
        United States Attorney's Office
        P.O. Box 1709
        Roanoke, VA 24008-1709
        charlene.day@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on March 27, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the Defendant.

/s/ John W. Beamer
Special Assistant United States Attorney
