**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.: 7:23-CR-47 |
| DAMON TYLER MILLS | ) | |
| | ) | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO UNITED STATES'
MOTION TO PRECLUDE ARGUMENT REGARDING SELF-DEFENSE AND THE
DEFENSE OF JUSTIFICATION**

The defendant has claimed the government is attempting to "unduly restrict the defendant from presenting a defense in his case by imposing these incredibly broad and open-ended restrictions." ECF 72 at 1. However, 4th Circuit precedent has squarely decided the issue that "'self-defense is irrelevant to a section 924(c) violation.'" *United States v. Sloley*, 19 F.3d 149, 153 (4th Cir. 1994) (quoting *United States v. Poindexter*, 942 F.2d 354, 360 (6th Cir. 1991)); *see also United States v. Lucas*, 462 F. App'x 48 (2d Cir. 2012) ("[S]elf-defense is irrelevant to a Section 924(c) violation"), *United States v. Johnson*, 977 F.2d 1360, 1378 (10th Cir. 1992) ("[O]nce the association between the use of firearms and drug trafficking is shown, any additional finding that self-defense motivated use of the firearms is not relevant to a conviction under § 924"), *United States v. Palumbo*, 468 F. App'x 751 (9th Cir. 2012) (unpublished) ("The district court did not err by issuing an order in limine preventing Palumbo from arguing that he possessed the gun in self-defense."). That is, it is the Fourth Circuit Court of Appeals that is restricting the defendant from presenting his chosen evidence, not the government.

While the defendant argues that this binding precedent has been undermined by subsequent developments in case law surrounding the Second Amendment, he not only cites no authority for the idea that *Sloley* has been undermined, but he also ignores the fact that he is asking this Court

1

to do something that it has no authority to do. That is, it is not the role of this Court to say whether the controlling precedent of a higher court has been undermined. This Court is bound by the controlling precedent of a higher court until that higher court says otherwise. *See Doe v. Chao*, 511 F.3d 461, 465 ("It is axiomatic that in our judicial hierarchy, the decisions of the circuit courts of appeals bind the district courts just as decisions of the Supreme Court bind the circuit courts . . . ."); *cf. State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997) ("[I]t is this Court's prerogative alone to overrule one of its precedents."). The Court must follow binding precedent regardless of the defendant's views on its vitality.

Furthermore, the defendant's arguments regarding a potential justification or necessity defense are equally unavailing. The government's proffered evidence of this case demonstrates that the defendant recklessly placed himself in a situation where he would be forced to engage in criminal conduct. Thus, at minimum, he will never be able to overcome the second element of the necessity defense. *See United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989) (The defendant must show that he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct."). As demonstrated in the government's factual background for its Motion, ECF 64, at 1-2, the defendant was a marijuana trafficker who always carried a firearm. These two basic facts are established by the defendant's own recorded statement to law enforcement. Prior to any shooting occurring on February 24, 2019, the defendant had his .40 caliber pistol in his waistband when Taylor Miles knocked on the door. Miles was a regular marijuana customer of the defendant who often came to his home to conduct marijuana transactions. When the defendant answered the door, with his firearm in his waistband, it is fair to infer it was for protection of himself, as the dealer, and of his supply. *See United States v. Manigan*, 592 F.3d 621, 629 (4th Cir. 2010) ("[F]irearms that are readily accessible during drug activities

can be deemed as possessed in connection there-with.").

To be clear, at the moment the defendant answered the door for his regular marijuana customer, while armed with a firearm, the elements for possessing a firearm in furtherance of drug trafficking have been met. The fact that the defendant was in his apartment is of no consequence because trafficking in illegal narcotics is always illegal. And the fact that he chose to deal narcotics from his apartment (where he lived with his girlfriend) goes to further demonstrate his recklessness. The defendant cannot seriously contend that, because he was conducting illegal activity, he needed to arm himself. That would be an absurd interpretation of the justification defense and basically enable any drug dealer, murderer, robber, or other violent criminal to possess firearms while they conduct their violent and/or drug trafficking criminal activity out of "necessity." The Second Amendment simply does not stretch this far and only supports the possession of a firearm for *lawful* purposes. *See United States v. Bryant*, 711 F.3d 364, 365-66 (2d Cir. 2013) (per curiam) "[T]he Second Amendment does not safeguard the *unlawful* purpose of possessing a firearm in furtherance of drug trafficking.").

Thus, the United States respectfully requests that the Court grant its Motion and preclude the defendant from arguing, asking questions during *voir dire*, or mentioning during opening statements that he possessed, brandished, or discharged a firearm in self-defense or from advancing any similar claim or justification theory of the case.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

Date: March 27, 2025.                    *s/John W. Beamer*
                                         Special Assistant United States Attorney
                                         VA State Bar No. 93383
                                         U.S. Attorney's Office

3

310 First St., S.W., Ste. 906
Roanoke, Virginia 24011
540-857-2250 (phone)
540-857-2614 (fax)
john.beamer@usdoj.gov

/s/ Charlene R. Day
Charlene Rene Day
Virginia Bar No. 42707
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
charlene.day@usdoj.gov

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 27, 2025, I caused the foregoing Motion in Limine to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant.

<u>*s/John W. Beamer*</u>
Special Assistant United States Attorney
