IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Case No. 7:23-cr-00047 |
| | ) | |
| | ) | |
| DAMON TYLER MILLS, | ) | |
|     Defendant. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO SEVER COUNTS**

The Government attempts to show that a logical relationship exists between the Hobbes Act robbery incident of November 9, 2018, alleged in Counts 1-3 of the indictment, and the shooting incident of February 24, 2019, alleged in Counts 4 and 5 of the indictment. It argues that the two incidents are "intertwined through the defendant's drug dealing activity." In fact, the two incidents are separate and distinct from one another and have no logical relationship. Therefore, Rule 8(a) does not permit joinder of the two sets of counts.

Rule 8(a) allows joinder of counts in one indictment if: "(1) the offenses charged --- are of the same or similar character … (2) are based on the same act or transaction; or (3) are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. Pro. 8(a). The Fourth Circuit has interpreted the latter two prongs of the rule flexibly, requiring that the joined offenses have a "logical relationship" to one another. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Rule 8(a) is not, however,

"infinitely elastic" and cannot "be stretched to cover offenses … which are discrete and dissimilar and which do not constitute parts of a common scheme or plan.." United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003) (quoting United States v. Richardson, 161 F.3d 728, 733 (D.C. Cir. 1998); United States v. Haskins, 776 F.3d 200, 206 (4th Cir. 2009).

In the instant case, the two incidents were separate, discreet, and dissimilar offenses. First, they were not temporally related in that they were separated by more than three months. Second, the two incidents involved totally different actors. The Hobbes Act robbery involved AW, DT, allegedly the defendant, Mills, and another unknown person. By contrast the shooting incident involved Mills, the deceased, FC, Faith Perry, Taylor Miles, and Zoe James.

Third, the two incidents were not part of the same law enforcement investigation. There was no law enforcement investigation at the time of the Hobbes Act robbery because neither AW nor DT contacted the police. On the other hand, the shooting incident was investigated by the Roanoke County Police Department. As a result of that investigation, Taylor Miles was charged with the attempted robbery of Mills for her role in FC's plan to rob Mills at gunpoint. Mills was not charged with any crime as a result of that shooting and investigation.[1]

---

[1] The Roanoke County Police Department's investigation into the shooting led to a search of Mills' phone which produced items like photographs and text messaging that the United States likely will seek to use in its case against Mills regarding the Hobbes' Act robbery. In its summary of the shooting, the Government states that F.C. was shot in the "back of the head." In fact, the gunshot wound was in the top of his head, not the back.

2

Finally, the charges involved in the two incidents are different. In the November 9, 2018, incident Mills is charged with Hobbes Act robbery and use of a firearm during and in relation to a crime of violence, and in the February 24, 2019, incident he is charged with possession with intent to distribute marijuana and possession of a firearm during and in relation to a drug trafficking crime. Furthermore, while both incidents involved robberies, in the Hobbes Act robbery Mills along with an unknown person were the alleged perpetrators, while in the shooting incident Mills was the victim of a home invasion and attempted robbery, using his firearm to protect himself, his friend and his home.

Thus, these two incidents are not of the same or similar character.

The Government seeks to weave a relationship between the two incidents by arguing that the defendant's marijuana trafficking provides a logical relationship between the two incidents by referring to them as a "drug-related robbery" and a "drug-related shooting." This nomenclature is not evidence that the two incidents were necessarily drug-related or that they have a close and intimate relationship when in fact the incidents are separate and distinct.

The Government first points to the relationship between AW and Mills. AW was Mills' supplier of marijuana. However, any relationship between AW and Mills ended in May 2018 when AW moved out of Mills' residence. Therefore, the AW/Mills relationship cannot provide a logical relationship between the Hobbes Act robbery and the shooting incident which occurred several months after his relationship with AW and which in no way involved AW.

The Government argues that the shooting incident was grounded in the defendant's marijuana trafficking. It is true that he was charged with possession with intent to distribute marijuana and possession of a firearm during and relation to that drug trafficking crime. However, FC did not have a drug relationship with Mills. And while Taylor Miles occasionally purchased small amounts of marijuana from Mills, there was no marijuana transaction set up the day of the home invasion.

Thus, for the Government to link the two incidents through Mills' marijuana sales is an illogical leap rather than a logical relationship. This leads to an illogical conclusion that naming Counts 1-3 "drug-related robbery" and Counts 4 and 5 "drug-related shooting" makes the two sets of charges intimately connected when they are not. *Some* connection is not enough; there must be a strong and logical connection. Here the Government has proffered no evidence of such a logical and close connection. Hawkins, 776 F.3d at 206.

Interestingly, the Government argues that, "[i]ndeed, F.C.'s attempted robbery of the defendant in February 2019 has distinct parallels in the defendant's completed robbery of A.W. fewer than three months prior – in motive, in means, and in execution." United States' *Response to the Defendant's Motion to Sever Counts One, Two and Three from Counts Four and Five* at 6. Yet, the Government provides no facts to support this statement. First, the two incidents were more than three months apart, not fewer. Second, the actors in the two incidents were entirely distinct except for the Defendant, and the Fourth Circuit has stated that a defendant's connection to two offenses is not sufficient to permit joinder. Haskins, 776 F.3d at 209. Third, the Government's theory of the Hobbes

Act robbery is that Mills was familiar with AW and knew due to this prior relationship that AW would have money and drugs in his residence. By contrast, FC and Mills had no such relationship. FC had never done a transaction with Mills of any kind including a sale or purchase marijuana. FC had never been in Mills' apartment at Carefree Lane or any other of Mills' residences. FC's only observation of Mills occurred on the day of the shooting and home invasion when, fortuitously, FC and Mills were at the Game-Stop at the same time when FC and his brother were there selling a cell phone.

Thus, Defendant submits that this case is similar to United States v. Manckins, 315 F.3d 399 (4th Cir. 2003); United States v. Radazzo, 80 F.3d 623 (1st Cir. 1996) in which the Courts' found improper joinder under Rule 8(a).

The Government also argues that both incidents involve firearms, that guns and drugs go hand-in-hand, and that Mills is charged in both incidents with violations of 18 U.S.C. section 924(c). However, while Mills is charged in both incidents with Section 924(c) counts, they are distinctly different prongs of Section 924(c). In the Hobbes Act robbery incident he is charged with possession of a firearm during and in relation to a crime of violence and in the shooting incident he is charged with possession of a firearm during and in relation to a drug trafficking crime. Thus, it is the underlying crimes – Hobbes Act robbery and possession with intent distribute marijuana that are not of same and similar character at all. Further, a drug and gun connection is not alone enough to connect the two incidents. Cardwell 433 F.3d at 386. In Cardwell, the Court recognized that when firearms are discovered along with evidence of a defendant's drug trafficking, joinder of the firearms and drug charges is proper because there is an inference that may

be drawn from the contemporaneous possession of guns and drugs. The <u>Cardwell</u> Court also noted, however, that there was not a similar inference and relationship between gun and murder-for-hire counts. Similarly, in this case there is no natural relationship between the Hobbs Act robbery incident and the shooting incident.

      Even if the Counts in this indictment are found to be properly joined under Rule 8(a), they still should be severed under Rule 14(a) because there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence. <u>Cardwell</u>, 433 F.3d at 387 (quoting <u>Zafro</u>, 506 U.S. 535, 539 (1993)). It is clear, the alleged robbery of AW would be inadmissible evidence in the trial of the shooting incident and would be so prejudicial that a limiting instruction would not be sufficient. Thus, joinder in this case would affect Mills' substantial rights, and would have a "substantial and injurious effect or influence in determining the jury's verdict." <u>Hawkins</u>, 776 F.3d at 210 (quoting <u>United States v. Lane</u>, 474 U.S. 438, 449 (1986)).

      Accordingly, the Defendant's Motion to Sever Counts 1-3 from Counts 4 and 5 should be granted.

                                       Respectfully Submitted,
                                       Damon Tyler Mills

                                       By: <u>S/*Anthony F. Anderson*</u>
                                            Counsel

Anthony F. Anderson, VSB #21345
Anderson Legal
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525
afa@afalaw.com
 Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                    s/ *Anthony F. Anderson*
                                    1102 Second Street, S. W.
                                    P. O. Box 1525
                                    Roanoke, Virginia 24007
                                    (540) 982-1525
                                    (540) 982-1539 (Fax)
                                    afa@afalaw.com