**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.  7:23-CR-47 |
| | ) | |
| DAMON TYLER MILLS | ) | |
| | ) | |
| *Defendant* | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

  The United States of America by and through its attorney, the Acting United States

Attorney for the Western District of Virginia, hereby proposes these jury instructions in the

above-captioned case.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

/s/ John W. Beamer
John W. Beamer
Special Assistant United States Attorney
Virginia Bar No. 93383
United States Attorney's Office
310 First Street, SW, 9th Floor
Roanoke, Virginia 24011
540-857-2550
John.Beamer@usdoj.gov

/s/ Charlene R. Day
Charlene Rene Day
VA Bar No. 42707
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008-1709
charlene.day@usdoj.gov

## JURY INSTRUCTION NO. _____

### (*Conspiracy to Commit Hobbs Act Robbery*)
### Count One (18 U.S.C. §1951) - Summary

Count One of the Indictment charges that in or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, together with at least one other person, did knowingly and willfully conspire with each other to unlawfully obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, that is, by unlawfully taking and obtaining personal property consisting of a firearm, marijuana, and money from the persons and in the presence of Individual 1 and Individual 2, and against the will of Individual 1 and Individual 2, by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is by brandishing a firearm, in violation of Title 18, United States Code, § 1951.

<u>**JURY INSTRUCTION NO.** </u>

**Offense Instruction – Count 1**
(***Conspiracy to Commit Hobbs Act Robbery***)
<u>**Statute Defining the Offense Charged**</u>

Count One of the Indictment alleges a conspiracy to commit Hobbs Act Robbery, in violation of 18 United States Code, Section 1951.

Title 18, United States Code, Section 1951 states in pertinent part that:

"Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery, … or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section ..."

shall be guilty of an offense against the United States.[1]

---

[1] 18 U.S.C. § 1951; (Horn's, <u>Federal Criminal Jury Instructions for the Fourth Circuit</u>, § 2.73 (2012 ed.)).

<u>**JURY INSTRUCTION NO.**</u>

**Offense Instruction – One**
***(Conspiracy to Commit Hobbs Act Robbery)***
<u>**Essential Elements**</u>

In order to sustain its burden of proof as to the crime of conspiracy to commit Hobbs Act robbery as charged in Count One, the government must prove the following essential elements beyond a reasonable doubt:

FIRST:    That the defendant conspired with another person to commit robbery;

SECOND:    That the robbery obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce.

As to the first element, to prove that the defendant conspired to commit robbery, the government must establish beyond a reasonable doubt that (1) there was an agreement between two or more persons to do something the law prohibits, that is, commit robbery; (2) the defendant knew of the agreement or conspiracy; and (3) the defendant knowingly and intentionally joined the agreement or conspiracy.

I will next instruct you on the definition of "robbery" and on the definitions of "Commerce" and "Obstructs, Delays, or Affects Commerce."[2]

---

[2] <u>United States v. Williams</u>, 342 F.3d 350, 353 (4th Cir. 2003); <u>United States v. Yearwood</u>, 518 F.3d 220, 225-26 (4th Cir. 2008).

## JURY INSTRUCTION NO.     

### Definition of "Robbery"

"Robbery" is defined as the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.[3]

---

[3] 18 U.S.C § 1951(b)(2).

## <u>JURY INSTRUCTION NO. ___</u>

### <u>Definition of "Obstructs, Delays or Affects Commerce"</u>

The term "obstructs, delays, or affects commerce" means any action which, in any manner or to any degree, interferes with, changes, or alters the movement or transportation or flow of goods, merchandise, money or other property in commerce.[4]

---

[4] O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 53:04 (6th ed. 2008).

## JURY INSTRUCTION NO. ____

### Definition of "Commerce"

"Commerce" means commerce within the District of Columbia, or any state, territory, or possession of the United States; all commerce between any point in a state, territory, possession, or the District of Columbia and any point outside thereof; all commerce between points within the same state through any place outside such State; and all other commerce over which the United States has jurisdiction.

The government needs to prove an effect on commerce, but the impact may be small. The government need not prove that the defendant intended to affect commerce or that the effect on commerce was certain. It is enough that such an effect was the natural, probable consequence of the defendant's actions.

The effect on commerce may be shown by proof of probabilities without evidence that any particular commercial movements were affected.

It is sufficient if the government proves that interstate commerce was affected as a result of the robbery.

The sale of marijuana is unquestionably an economic activity. And a robber who affects or attempts to affect the sale of marijuana grown in the United States, whether interstate or intrastate, necessarily affects or attempts to affect commerce. Accordingly, to prove that the robbery charged in Counts One and Two obstructed, delayed, or affected commerce or the movement of any article or commodity in commerce, it is sufficient for the Government to prove beyond a reasonable doubt that the defendant robbed or attempted to rob a drug dealer of drugs or drug proceeds.[5]

---

[5] 18 U.S.C. § 1951(b)(3); *Taylor v. United States*, 579 U.S. 301, 303, 306–07, 310 (2016); *Williams, supra* at 354, citing *United States v. Spagnola*, 546 F.2d 1117, 1118-19 (4th Cir. 1976; *see United States v. Taylor*, 966 F.2d 830, 836 (4th Cir. 1992) (a "Lost Trust" case); *United States v. Bangali*, 11 F.3d 1207, 1212 (4th Cir. 1993).

## <u>JURY INSTRUCTION NO. \_\_\_\_</u>

### <u>Conspiracy</u>

A criminal conspiracy is an agreement or mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. The agreement need not be explicit

Conspiracy is a crime in and of itself, separate from the underlying crime.[6]

---

[6] 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed.); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996) (observing that the conspiratorial agreement need not be explicit).

## JURY INSTRUCTION NO. _____

### Conspiracy – Existence of an Agreement

The Indictment alleges a criminal conspiracy in Count One.

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at some type of agreement or understanding that they, and perhaps others, would violate some law by means of some common plan or course of action. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the Indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of the conspiracy agreed to all of the means or methods set out in the Indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must find the defendant not guilty of Count One.[7]

---

[7] 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (6th ed.); *United States v. Burgos*, 94 F.3d 849, 860-61 (4th Cir. 1996) (observing that the conspiratorial agreement need not be explicit).

## JURY INSTRUCTION NO. ____

### Conspiracy – Membership in the Conspiracy

Before the jury may find that a defendant, or any other person, became a member of a conspiracy, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding of that conspiracy and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that a defendant knowingly and deliberately entered into an agreement to commit the offense as alleged in Count One, it does not matter for purposes of establishing membership in the conspiracy whether the defendant joined the agreement at its beginning, whether he knew all of the details of the agreement, whether he participated in each act of the agreement, or whether he played a major role in accomplishing the unlawful goal.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about that criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.[8]

---

[8] *See* 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.05 (6th ed.); *United States v. Burgos*, 94 F.3d 849, 859 (4th Cir. 1996); *United States v. Brooks*, 957 F.2d 1138, 1147 (4th Cir. 1992); *Blumenthal v. United States*, 332 U.S. 539, 557 (1947) (a defendant need not have had knowledge of his co-conspirators).

## JURY INSTRUCTION NO. ____

### Intent - Knowingly

An act is done "knowingly" as used in the Indictment and these instructions if the act in question was done voluntarily and intentionally, and not by ignorance, mistake or accident.[9]

The intent of a person at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.[10]

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.[11]

---

[9] *United States v. Evans*, 272 F.3d 1069, 1086 (8th Cir. 2001).
[10] *See United States v. Spirito*, 36 F.4th 191 (4th Cir. 2022).
[11] *United States v. Silva*, 745 F.2d 840, 850-51, 852 (4th Cir. 1984).

**JURY INSTRUCTION NO. _____**
*(Hobbs Act Robbery)*
**18 U.S.C. § 1951 – Count Two (Summary)**

It is charged in Count Two of the Indictment that in or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did, as a principal and as an aider and abettor, unlawfully obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in 18 U.S.C. § 1951, in that the defendant, DAMON TYLER MILLS, did unlawfully take and obtain personal property consisting of a firearm, marijuana, and money from the persons and in the presence of Individual 1 and Individual 2, and against the will of Individual 1 and Individual 2, by means of actual and threatened force, violence, and fear of immediate injury to their persons, that is by brandishing a firearm, in violation of Title 18, United States Code, Sections 1951 and 2.

<u>**JURY INSTRUCTION NO.**</u>

**Offense Instruction – Counts Two**
***(Hobbs Act Robbery)***
<u>**Essential Elements**</u>

In order to sustain its burden of proof for the crime of Hobbs Act robbery as charged in Count Two of the Indictment, the government must prove the following essential elements beyond a reasonable doubt:

FIRST:        That the defendant unlawfully took or obtained personal property;

SECOND:    from the person or in the presence of another, against his will;

THIRD:       by means of actual or threatened force, or violence, or fear of injury; and

FOURTH:    in doing so, in any way or degree obstructed, delayed or affected commerce.

I have already instructed you on the definitions of Robbery and Commerce and on what it means to obstruct, delay or affect Commerce, and those same definitions apply to Count Two.[12]

---

[12] *United States v. Whitley*, 105 F.4th 672, 678 (4th Cir. 2024).

### JURY INSTRUCTION NO. ____

### AIDING AND ABETTING (18 U.S.C. § 2)

In Count Two, the defendant is charged as an "aider and abettor," sometimes known as an accomplice. Under Title 18, United States Code, Section 2, someone who aids, abets, counsels, commands, induces, or procures the commission of a criminal offense is responsible for that offense as if he committed it himself.[13] The "principal," or the person who committed the offense directly, does not need to be convicted before an accomplice can be convicted.[14]

For you to find the defendant guilty of aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

- First, that the crime charged was in fact committed by someone other than the defendant;[15]

- Second, that the defendant did some affirmative act in furtherance of the underlying offense; and

- Third, that the defendant did so with the intent of facilitating the offense's commission.[16]

To show that the defendant acted with the intent of facilitating the offense, it is not necessary for the government to prove that the defendant knew every step that the other robber would take. Rather, the defendant acted with the intent of facilitating the offense's commission if he actively participated in the criminal scheme knowing its extent and character.[17]

---

[13] *See* 18 U.S.C. § 2; *see also United States v. Kimble*, 855 F.3d 604, 613 (4th Cir. 2017).
[14] *See, e.g.*, *United States v. Horton*, 716 F. Supp. 927, 930 (E.D. Va. 1989), *aff'd*, 921 F.2d 540 (4th Cir. 1990) (collecting cases).
[15] *See United States v. Moye*, 454 F.3d 390, 398 (4th Cir. 2006) (en banc).
[16] *United States v. Odum*, 65 F.4th 714, 721 (4th Cir. 2023) (citing *Rosemond v. United States*, 572 U.S. 65, 71 (2014)).
[17] *Rosemond*, 572 U.S. at 77.

## JURY INSTRUCTION NO. ____

### Pinkerton Liability

There is another method by which you may evaluate the possible guilt of the defendant for Hobbs Act Robbery even if you do not find that the government has satisfied its burden of proof with respect to each element of that crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in Count One of the indictment, and thus, guilty on the conspiracy count, then you may also, but you are not required to, find him guilty of Hobbs Act Robbery in Count Two, provided you find, beyond a reasonable doubt, each of the following elements:

FIRST:        that the crime charged in the substantive count was committed;

SECOND:    that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;

THIRD:       that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;

FOURTH:    that the defendant was a member of that conspiracy at the time the substantive crime was committed;

FIFTH:        that the defendant could have reasonably foreseen that the substantive crime might be committed by his co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of Hobbs Act Robbery, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of Hobbs Act Robbery, unless the government proves, beyond a reasonable doubt, that the defendant personally committed, or aided and abetted the commission of, that crime.[18]

---

[18] *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946); 1 Modern Federal Jury Instructions-Criminal P 19.03 (2025).

**JURY INSTRUCTION NO. _____**
***(Possess a Firearm During a Hobbs Act Robbery)***
**18 U.S.C. § 924(c)(1)(A)(ii) – Count Three (Summary)**

It is charged in Count Three of the Indictment that in or about December 2018, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly possess a firearm, that is a Sarsilmaz Model, 9 mm pistol, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States as set forth in Count Two of this Indictment, and that in the course of this violation of 18 U.S.C. § 924(c) he did brandish said firearm, in violation of Title 18, United States Code, § 924(c)(1)(A)(ii).

<u>**JURY INSTRUCTION NO.** </u>

**Offense Instruction – Count 3**
***(Possess Firearm During a Hobbs Act Robbery)***
<u>**The Statute Defining the Offense Charged**</u>

Count Three of the Indictment alleges the possession of a firearm in furtherance of the commission of a Hobbs Act robbery, all in violation of 18 United States Code, Section 924(c), which provides, in pertinent part, that whoever, in furtherance of any crime of violence or drug trafficking crime, possesses a firearm, shall, be guilty of an offense against the United States.[19]

---

[19] 18 U.S.C. 924(c); 1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 39.17 (6th ed. 2010).

<u>**JURY INSTRUCTION NO.**</u>

**Offense Instruction – Count 3**
***(Brandishing of a Firearm During a Hobbs Act Robbery)***
<u>**Essential Elements**</u>

In order to sustain its burden of proof for the crime of possessing a firearm in furtherance of a crime of violence, as charged in Count Three, the government must prove the following essential elements beyond a reasonable doubt:

FIRST:      That the defendant knowingly possessed a firearm;

SECOND:    That the possession was in furtherance of a crime of violence, as alleged in Count Two, as previously explained to you.

Additionally, if you find the defendant guilty of the first two elements, you must also decide whether the government has proven a third element beyond a reasonable doubt, that is:

THIRD:      That the firearm was brandished.[20]

---

[20] *United States v. Lipford*, 203 F.3d 259, 266-67 (4th Cir. 2000); *Alleyne v. United States*, 570 U.S. 99 (2013).

## <u>JURY INSTRUCTION NO. ___</u>

### <u>"Crime of Violence" – Defined</u>

The term "crime of violence" means an offense that is a felony and has as one of its essential elements the use, attempted use, or threatened use of physical force against the person or property of another.

I instruct you as a matter of law that the crime of Hobbs Act Robbery, which is alleged in Count Two of the Indictment, is a crime of violence.[21]

---

[21] 18 U.S.C. § 924(c)(3); *United States v. Ivey*, 60 F.4th 99, 117 (4th Cir. 2023).

## <u>JURY INSTRUCTION NO. _____</u>

### <u>"Brandish" – Defined</u>

The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person."[22]

---

[22] 18 U.S.C. § 924(c)(4).

## <u>JURY INSTRUCTION NO.</u>

## <u>"Firearm" – Defined</u>

The term "firearm" means "(A) any weapon, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; [or] (B) the frame or receiver of any such weapon."[23]

---

[23] 18 U.S.C. § 921(a)(3); 1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, Section 39.11 (6th ed.).

## JURY INSTRUCTION NO. _____

### "Possess" – Defined

To possess an item or property means to exercise control or authority over the item or property, voluntarily and intentionally.

Possession may be either sole, by the defendant alone, or joint, that is, it may be shared with other persons, as long as the defendant exercised control or authority over the item or property.

Possession may be either actual or constructive.  Actual possession is knowingly having direct physical control or authority over the item or property.  Constructive possession is when a person does not have direct physical control or authority but has the power and the intention to exercise control or authority over the item or property, sometimes through another person.

Constructive possession can be established by evidence, either direct or circumstantial, showing ownership, control or authority over the item or property itself, or the premises, vehicle, or container where the item or property is, such that a person exercises or has the power and intention to exercise control or authority over that item or property.[24]

---

[24] *See United States v. Scott*, 424 F.3d 431 (4th Cir. 2005).

<u>**JURY INSTRUCTION NO.**</u>

<u>**"In Furtherance" – Defined**</u>

"In furtherance of" means the act of furthering, advancing, or helping forward. Therefore, the government must prove that the possession of a firearm furthered, advanced, or helped forward the crime of violence or drug trafficking crime.[25]

---

[25] *United States v. Sullivan*, 455 F.3d 248, 260 (4th Cir. 2006).

<u>**JURY INSTRUCTION NO.**</u>

<u>**18 U.S.C.§ 924(c)(1)(A)(iii) Count Four (Summary)**</u>

It is charged in Count Four of the Indictment that On or about February 24, 2019, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly possess a firearm, that is a Taurus Model G2C, 40 caliber pistol, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute marijuana, in violation of 21 U.S.C., Section 841(a)(1), and in the course of this violation of 18 U.S.C. § 924(c) he did discharge said firearm, in violation of Title 18, United States Code, § 924(c)(1)(A)(iii).

## JURY INSTRUCTION NO. ___

### 18 U.S.C. § 924(c)(1)(A)(iii) Count Four Essential Elements

Title 18, United States Code, Section 924(c)(1) makes it a crime to possess a firearm in furtherance of a drug trafficking crime.  For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

FIRST:          that the defendant possessed a firearm;

SECOND:      that the defendant did so in furtherance of a drug trafficking crime which may be prosecuted in federal court; and

Additionally, if you find the defendant guilty of the first two elements, you must also decide whether the government has proven a third element beyond a reasonable doubt, that is:

THIRD:         that the firearm was discharged.[26]

---

[26] 18 U.S.C. § 924(c)(1)(A)(iii); Ruschky & Shealy, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina, p. 187 (2024 Online Edition); *United States v. King*, 628 F.3d 693 (4th Cir. 2011); *Alleyne v. United States*, 570 U.S. 99 (2013).

## JURY INSTRUCTION NO. _____

### "Drug Trafficking Crime" – Defined

The term "drug trafficking crime" means any felony punishable under the Controlled Substances Act, Title 21, United States Code, Sections 801 *et seq.*, which includes the distribution, possession with intent to distribute, manufacture, or importation of any controlled substances and the conspiracy to commit any of these offenses.[27]

I instruct you as a matter of law that a violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D)—that is, possession of marijuana with the intent to distribute—is a drug trafficking crime.

---

[27] 18 U.S.C. 924(c)(2).

## <u>JURY INSTRUCTION NO.</u>

### <u>"In Furtherance of" Expanded Definition</u>

I have already defined for you "possession" and "in furtherance of" when I explained Count Three, and those same definitions apply to Count Four. I also instruct you that the mere accidental or coincidental presence of a firearm at the scene of a drug trafficking offense is not enough to establish that it was possessed in furtherance of the drug offense. Factors which you may consider in determining whether the possession of a firearm was in furtherance of a drug trafficking crime may include the following: the type of drug activity that was being conducted, accessibility of the firearm, the type of firearm, whether the firearm was stolen, the status of the possession (whether it was legitimate or illegal), whether the firearm was loaded, the proximity of the firearm to either drugs or drug profits, the time and circumstances under which the firearm was found, whether the firearm provided a defense against the theft of drugs, and/or whether the firearm reduced the probability that such a theft might be attempted. The possession of a firearm is in furtherance of a drug trafficking crime if the purpose of the firearm is to protect or embolden the defendant.[28]

---

[28] *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002); *United States v. Sullivan*, 455 F.3d 248, 260 (4th Cir. 2006).

## **JURY INSTRUCTION NO.** ____

### **21 U.S.C. § 841(a)(1) and (b)(1)(D) – Count Five (Summary)**

It is charged in Count Five of the Indictment that on or about February 24, 2019, in the Western District of Virginia, the defendant, DAMON TYLER MILLS, did knowingly and intentionally possess with intent to distribute approximately 300 grams of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(D).

## JURY INSTRUCTION NO. _____

### 21 U.S.C. § 841(a)(1) and (b)(1)(D) – Statute

Title 21, United States Code, Section 841(a)(1) provides in pertinent part that:

"It shall be unlawful for any person knowingly or intentionally --

> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance ..."[29]

---

[29] 21 U.S.C. § 841(a)(1).

## JURY INSTRUCTION NO. _____

### 21 U.S.C. 841(a)(1) and (b)(1)(D) – Necessary elements

Title 21, United States Code, Section 841 makes it a crime to possess a controlled substance with intent to distribute it. Marijuana is a controlled substance. For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:

FIRST:        the defendant acted knowingly,

SECOND:    the defendant possessed a controlled substance, in this case, marijuana, and

THIRD:       the defendant intended to distribute the marijuana.

The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money. Thus, distribution includes a range of conduct broader than selling controlled substances and is not limited to just selling controlled substances.

In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

I previously defined "possession" for you and the same definition applies to Count Five.[30]

---

[30] S2 Modern Federal Jury Instructions-Criminal 14.01 (2025); *United States v. Henderson*, 107 F.4th 287, 295 (4th Cir. 2024); *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005),

## JURY INSTRUCTION NO. _____

### "Controlled substance"

The government is required to prove that the substance possessed or otherwise involved in this case was, in fact, a "controlled substance."

You are instructed that, as a matter of law, marijuana is a controlled substance as that term is used in these instructions and in the indictment and the statute I just read to you. And the parties have stipulated that marijuana is a controlled substance. You must, of course, determine whether or not the substance in question was, in fact, marijuana.

## JURY INSTRUCTION NO. ____

### Expert testimony

The evidence you have heard includes testimony by someone qualified as an "expert" on the distribution of illegal drugs.

Under the law, only an expert is entitled to offer an opinion. Other witnesses are restricted to testifying about matters within their personal knowledge.

When a party wishes to call an expert witness, the judge must first determine (as a matter of law) whether that person qualifies as an expert in the matters about which he or she is to testify. If the expert is allowed to testify, it is then up to the jury to determine what "weight" (or value) to give the expert testimony itself.

In this case an expert has testified regarding the methods and patterns of illegal drug distribution. Under the law, it is proper for a qualified expert to testify about the specifics of drug distribution (for example, about how drugs are cut, packaged, priced, and distributed, about commonly used terminology, and about equipment or accessories commonly used by drug dealers). It is also proper, as I previously instructed, for an expert to offer his or her opinion on the meaning of certain evidence or facts in this case.

On the other hand, you alone must determine what weight, if any, to give the expert testimony. You alone are the "finders of fact," and you alone must weigh all the evidence and determine whether it proves the defendant's guilt beyond a reasonable doubt.[31]

---

[31] *United States v. Yearwood*, 518 F.3d 220 (4th Cir. 2008); *United States v. Johnson*, 54 F.3d 1150, 1161-62 (4th Cir. 1995); *United States v. Brewer*, 1 F.3d 1430, 1435-36 (4th Cir. 1993); *United States v. Gastiaburo*, 16 F.3d 582, 587-88 (4th Cir. 1994); *United States v. Safari*, 849 F.2d 891 (4th Cir. 1988).

## JURY INSTRUCTION NO. _____

### (Stipulations)

The parties have agreed, or stipulated, to certain facts. This means simply that they both accept these facts. There is no disagreement over these facts, so there was no need for further evidence by either side on those points. You should accept these stipulations as fact, even if nothing more was said about them one way or the other during the presentation of the evidence.