IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) Case No. 7:23-CR-00047 |
| | ) |
| DAMON TYLER MILLS, | ) |
|     Defendant. | ) |

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>**

    The Defendant, by his attorneys, hereby proposes these jury instructions in the above-captioned case.

                                            Respectfully Submitted,
                                            DAMON TYLER MILLS

                                            */S/Anthony F. Anderson*
                                            Anthony F. Anderson, VSB #21345
                                            Anderson Legal
                                            1102 Second Street, S. W.
                                            P. O. Box 1525
                                            Roanoke, Virginia   24007
                                            (540) 982-1525
                                            (540)982-1539 (Fax)
                                            afa@afalaw.com

                                            */S/ Brooks A. Duncan*
                                            Brooks A. Duncan, VSB #87476
                                            Anderson Legal
                                            1102 Second Street, S. W.
                                            P. O. Box 1525
                                            Roanoke, Virginia   24007
                                            (540) 982-1525
                                            (540)982-1539 (Fax)
                                            bduncan@afalaw.com

JURY INSTRUCTION NO. ___

CREDIBILITY OF WITNESSES—INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are different than or inconsistent with his or her testimony here in court. If the earlier statements were made somewhere other than in court during trial, they are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of those earlier statements. It is up to you to determine the credibility, if any, to be given to the testimony of a witness who has made prior inconsistent or contradictory statements. If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves. You should keep in mind that a simple mistake by a witness in testifying does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact, or only with an unimportant detail. In short, you may give the testimony of any witness just such weight and value as you may believe the testimony of such witness is entitled to receive.

JURY INSTRUCTION NO. ___

CREDIBILITY OF WITNESSES—CONVICTION OF FELONY

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year. Prior conviction of a crime that is a felony is one of the circumstances which you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

JURY INSTRUCTION NO. \_\_\_\_

LAW ENFORCEMENT TESTIMONY

You have heard the testimony of law enforcement officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

JURY INSTRUCTION NO. \_\_\_\_

TESTIMONY COOPERATING WITNESSES

You have heard the testimony of witnesses who are providing evidence for the Government in exchange for promises from the Government that the United States Attorney may make a motion to reduce their sentences. These witnesses told the Government that they would testify in exchange for the Government's promises.

The Government may present the testimony of witnesses who have been promised favorable treatment in their own cases in exchange for their testimony. Some people in this position are entirely truthful when testifying. Still, you should consider such testimony with great care and caution. They may have had reason to make up stories or exaggerate what others did because they wanted to strike a good bargain with the Government about their own cases. In deciding whether you believe the testimony these witnesses, you should keep these comments in mind.

JURY INSTRUCTION NO. \_\_\_\_

TESTIMONY—COOPERATING WITNESSES

In this case, the government has called witnesses with whom the government has entered into an agreement to testify in return for a reduced sentence. These witnesses are also referred to as cooperating witnesses. The jury should keep in mind that such testimony is always received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of a cooperating witness unless you believe that testimony beyond a reasonable doubt. The fact that a cooperator has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person, including this defendant.

JURY INSTRUCTION NO. _____

COUNT 3: 924(c) GUN CHARGE—ELEMENTS

Count Three of the indictment charges the defendant with violating federal law by possessing and brandishing a firearm in furtherance of a crime of violence. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed the crime charged in Count Two. Hobbs Act robbery is a crime of violence which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly possessed a firearm.

(C) Third: That the possession of the firearm was during and in relation to the crime charged in Count Two of the indictment.

(D) Fourth: That the firearm was brandished.

If you find that the Government has proven beyond a reasonable doubt each of the above elements then you shall find the Defendant guilty of possessing and brandishing a firearm during and in relation to a crime of violence.

If you find that the Government has proven each of the first three elements of the crime beyond a reasonable doubt, but you do not find that the Government has proven beyond a reasonable doubt the fourth element of the crime , then you shall find the defendant guilty of possessing but not brandishing a firearm during and in relation to a crime of violence.

JURY INSTRUCTION NO. ____

COUNT 4: 924(c) GUN CHARGE—ELEMENTS

Count Four of the indictment charges the defendant with violating federal law by possessing and discharging a firearm in furtherance of the drug trafficking crime charged in Count Five of the indictment. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant committed the crime charged in Count Five of the indictment. Possession with intent to distribute marijuana is a drug trafficking crime which may be prosecuted in a court of the United States.

(B) Second: That the defendant knowingly possessed a firearm.

(C) Third: That the possession of the firearm was during and in relation to the crime charged in Count Five of the indictment.

(D) Fourth: That the firearm was discharged.

If you find that the Government has proven beyond a reasonable doubt each of the above elements then you shall find the Defendant guilty of possessing and discharging a firearm during and in relation to a drug trafficking crime.

If you find that the Government has proven each of the first three elements of the crime beyond a reasonable doubt, but you do not find that the Government has proven beyond a reasonable doubt the fourth element of the crime, then you shall find the defendant guilty of possessing but not discharging a firearm during and in relation to a crime of violence.

JURY INSTRUCTION NO. \_\_\_\_

DURING AND IN RELATIONSHIP TO A DRUG TRAFFICKING CRIME

In determining whether the defendant possessed and discharged a firearm during and in relation to a drug trafficking crime, you must consider whether the firearm furthered, advanced, or helped forward the drug trafficking crime alleged in Count Five of the indictment.

*United States v. Lyttle,* No. 9:15-cr-00121 (D.S.C. Feb 7, 2017) (quoting *United States v. Lomax,* 293 F.3d 701, 705 (4th Cir. 2017).

CERTIFICATE OF SERVICE

    I hereby certify that this 2nd day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                          /s/ *Anthony F. Anderson*
                                            Of Counsel